# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN DELL COLLINS, | ) Case No. CV 14-2404-GW (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| ERIC ARNOLD, Warden, | ) |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On February 27, 2017, Petitioner filed objections to the R. & R. He primarily simply repeats or summarizes arguments from the Petition and Traverse. Two objections require brief discussion, however.

First, as the Magistrate Judge pointed out in the R. & R., the relevant law concerning procedural default changed between when the Court accepted the Magistrate Judge's first R. & R. — recommending that four of Petitioner's five claims be dismissed as procedurally barred — and when she issued her second, recommending that ground four of the Petition be denied on the merits. (See Dec. 15, 2015 R. & R. at 7-11.) She carefully

1

explained in the second R. & R. why that new law, Lee v. Jacquez, 788 F.3d 1124 (9th Cir. 2015), was distinguishable and did not alter her earlier conclusion that most of Petitioner's claims were procedurally barred. (See Dec. 15, 2015 R. & R. at 7-11.) Petitioner contends that under Lee, his claims in fact are not procedurally barred. (Objs. at 1.) Even if that were true, however, the U.S. Supreme Court subsequently overturned Lee and ruled that the cases upon which the Magistrate Judge originally relied were correct. See Johnson v. Lee, 136 S. Ct. 1802, 1804 (2016) (per curiam); (Oct. 2, 2014 R. & R. at 7-12). Thus, Lee does not help Petitioner.

Second, Petitioner argues that the "prosecution blatantly withheld exculpatory evidence from the defense in the form of preliminary hearing transcripts." (Objs. at 1.) But that claim is nowhere to be found in the Petition. Rather, Petitioner argued in ground four that the prosecution withheld a "certified probation report." (Pet. at 6; see also Pet. Supp. Mem. at 2, 7.) For the reasons stated in the most recent R. & R. at pages 12 to 16, it did not. Even if the Court had discretion to consider a habeas claim, as opposed to argument, raised for the first time in objections to an R. & R., see Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012) (court must exercise discretion in refusing to consider new arguments raised in objections to magistrate judge's report and recommendation), Petitioner's new claim has not been exhausted in state court and therefore is not appropriate for review, see Marquez-Ortiz v. Sullivan, No. SACV 08-552 ABC (FFM), 2012 WL 294741, at *1 (C.D. Cal. Feb. 1, 2012) (declining to consider habeas petitioner's additional claims

raised for first time in objections to report and recommendation in part because not exhausted in state court).

The Court accepts the findings and recommendations of the Magistrate Judge. The remaining claim of the Petition, ground four, is DENIED and this action is DISMISSED with prejudice.

DATED: June 6, 2017

GEORGE H. WU
U.S. DISTRICT JUDGE